UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES FOR THE MASON TENDERS DISTRICT
COUNCIL WELFARE FUND, PENSION FUND,
ANNUITY FUND AND TRAINING PROGRAM FUND,
JOHN J. VIRGA, and ROBERT BONANZA,

             Petitioners,

-v.-

PM CONTRACTING COMPANY, INC.,

             Respondent.

18 Civ. 6563 (KPF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:

    Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund (the "Funds"), and Robert Bonanza, the business manager of the Mason Tenders District Council of Greater New York (together with the Funds, "Petitioners"),[1] commenced this action on July 20, 2018, petitioning the Court pursuant to Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an arbitration award (the "Award") issued against Respondent PM Contracting Company, Inc. The motion is unopposed: Respondent did not appear in the underlying arbitration and has not appeared before this Court. For the reasons set forth below, Petitioners' motion is granted in full.

---

[1]     The remaining Petitioner, John J. Virga, does not join in the instant motion. However, his absence does not affect the Court's analysis.

## BACKGROUND[2]

### A. Factual Background

This case arises from Respondent's alleged breach of a collective bargaining agreement with Petitioners: the 2014-2018 Collective Bargaining Agreement Between the Building Contractors Association, Inc. and the Mason Tenders District Council of Greater New York (the "CBA"). (Pet'r 56.1 ¶¶ 8, 10, 17). At issue in this case, the CBA "binds BCA members' employers like [Respondent] to the written terms and conditions of the Funds' Trust Agreements and by any rules, regulations or By-Laws adopted by the Trustees of the Funds to regulate said Funds." (*Id.* at ¶ 8). In turn, the Trust Agreements provide that, "if an Employer fails to make required contributions to the Funds … the Trustees have the option of commencing proceedings to enforce the Employer's obligations through arbitration." (*Id.* at ¶ 9). What is more, pursuant to the Trust Agreements, "in any action for unpaid contributions commenced by the Trust Fund, the Employer shall pay to the Funds all unpaid contributions due and payable, interest on such unpaid contributions, interest on the unpaid contributions as and for liquidated damages and all attorney's fees and costs of the action." (*Id.* at ¶ 10).

---

[2] The record references in this Opinion are taken from Petitioners' Local Civil Rule 56.1 Statement of Material Facts Not in Issue ("Pet'r 56.1" (Dkt. #13)), and from various exhibits to the Declaration of Haluk Savci ("Savci Decl." (Dkt. #12)). Citations to Petitioners' Rule 56.1 Statement incorporate by reference the documents cited therein. Where facts stated in the Rule 56.1 Statement are supported by testimonial or documentary evidence, the Court finds such facts to be true. *See* S.D.N.Y. Local Rule 56.1(c)-(d).

The dispute giving rise to the instant litigation arose after the Funds discovered that Respondent had failed to pay benefit contributions on behalf of its covered employees for the work period January 1, 2017, through May 31, 2017, in violation of the CBA. (Pet'r 56.1 ¶ 14). The Funds' shop steward records and pay stubs for that period indicated work hours performed and recorded for which corresponding benefit contributions had not been made to the Funds. (*Id.*).

On June 21, 2017, the Funds served a notice and demand for arbitration on Respondent. (Pet'r 56.1 ¶ 14). On June 26, 2017, the CBA-designated arbitrator (the "Arbitrator") sent a certified letter to the parties scheduling a hearing for July 19, 2017. (*Id.* at ¶ 15). Respondent signed for the letter on June 28, 2017. (*Id.*). On July 19, 2017, the Arbitrator held a hearing, at which no one appeared on behalf of Respondent. (*Id.* at ¶ 16). At the hearing, the Funds submitted evidence in support of their claim:

> The Funds introduced Shop Steward Reports and Pay Stubs for the period of 01/01/17 – 5/31/2017. (F-3) It also introduced the current Funds' Deficiency Report, as of 07/17/17 (F-4), that lists claimed fringe benefits of $33,752.43, dues and PAC of $2,391.43, and current interest of $522.80, for a total of $36,666.35 owed.

(Award 1). The shop steward reports submitted by the Funds detailed that, during the relevant period, Respondent employees had worked 1,107 hours for which no corresponding payments had been remitted to the Funds. (Pet'r 56.1 ¶ 17). An accompanying Deficiency Report from the Funds calculated that Respondent had failed to pay $33,752.34 in contributions. (*Id.*).

On July 22, 2017, the Arbitrator issued his award, ordering Respondent to pay the Funds a total of $39,111.95, comprising $33,752.34 in delinquent fund contributions; $2,391.43 in delinquent dues and PAC contributions; $522.80 in current interest; $1,045.60 in liquidated damages; $500.00 in legal fees; and $900.00 in arbitration costs. (Pet'r 56.1 ¶ 18).

**B.     Procedural Background**

On July 20, 2018, Petitioners filed a Petition to Confirm an Arbitration Award, requesting that this Court confirm the award in full. (Dkt. #1). By Order dated October 15, 2018, this Court directed Petitioners to move for confirmation of the Award by submitting a motion for summary judgment on or before November 12, 2018, in accordance with Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. (Dkt. #9). The Court's Order further provided that Respondent's opposition, if any, would be due on December 13, 2018, and Petitioners' reply, if any, would be due on December 28, 2018. (*Id.*).

In response to this Court's Order, on November 9, 2018, Petitioners filed a motion for summary judgment and supporting papers. (Dkt. #11-14). Respondent did not file an opposition to Petitioners' motion for summary judgment.

**DISCUSSION**

**A. The Court Confirms the Arbitration Award**

**1. Applicable Law**

"The LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers of Am.* v. *Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960)).³ Accordingly, judicial "review of an arbitration award under the LMRA is ... 'very limited.'" *Id.* (quoting *Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001) (per curiam)). "[U]nless the award is procured through fraud or dishonesty ... the arbitrator's factual findings, interpretation of the contract[,] and suggested remedies" are binding on the reviewing court. *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *High Performance Floors Inc.*, No. 15 Civ. 781 (LGS), 2016 WL 3194370, at *2 (S.D.N.Y. June 6, 2016) (first alteration in original) (internal quotation marks omitted) (quoting *Local 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O.* v. *Niagara*

---

³ The LMRA, not the Federal Arbitration Act (the "FAA"), governs this Court's review of Petitioners' motion to confirm. "[I]n cases brought under Section 301 of the [LMRA] ... the FAA does not apply." *Coca-Cola Bottling Co. of N.Y.* v. *Soft Drink & Brewery Workers Union Local 812 Int'l Bhd. of Teamsters*, 242 F.3d 52, 53 (2d Cir. 2001). And Section 301 of the LMRA "serves as the foundation for a substantive body of federal law that is 'analytically distinct from the [FAA].'" *1199 SEIU United Healthcare Workers E.* v. *Lily Pond Nursing Home*, No. 07 Civ. 408 (JCF), 2008 WL 4443945, at *3 (S.D.N.Y. Sept. 29, 2008) (quoting *Westerbeke Corp.* v. *Daihatsu Motor Co.*, 304 F.3d 200, 221 (2d Cir. 2002)). Nonetheless, "the FAA is useful as a source of principles to guide the development of law under LMRA § 301 ... particularly [ ] in the context of a petition to confirm or vacate an arbitration award." *Id.* Both statutes call for courts to be "extremely deferential" when reviewing arbitration awards. *Supreme Oil Co.* v. *Abondolo*, 568 F. Supp. 2d 401, 405 (S.D.N.Y. 2008).

*Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999)), *reconsideration denied*, 2016 WL 3911978 (S.D.N.Y. July 15, 2016).

A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but" instead may "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League*, 820 F.3d at 536. A reviewing court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)). "As long as the award 'draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice,' it must be confirmed." *Id.* (quoting *Int'l Bhd. of Elec. Workers, Local 97* v. *Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998)).

Thus, "[c]onfirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Trs. for the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund* v. *Odessy Constructioncorp*, No. 14 Civ. 1560 (GHW), 2014 WL 3844619, at *1 (S.D.N.Y. Aug. 1, 2014) (internal quotation marks omitted) (quoting *N.Y. Med. Ctr. of Queens* v. *1199 SEIU United Healthcare Workers E.*, No. 11 Civ. 4421 (ENV) (RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012)). "When a petition to

confirm an arbitration award is unopposed, courts should generally treat 'the petition and accompanying record … as akin to a motion for summary judgment.'" *Id.* at *2 (omission in original) (quoting *D.H. Blair & Co.* v. *Gottdiener,* 462 F.3d 95, 109 (2d Cir. 2006)). "Thus, like unopposed summary judgment motions, unopposed confirmation petitions 'must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *D.H. Blair & Co.*, 462 F.3d at 110).

### 2. Analysis

Viewed in light of the LMRA, the undisputed facts of this case make plain that the Court must confirm the Award. The CBA required Respondent to pay contributions to the Funds on behalf of its covered employees. (Pet'r 56.1 ¶ 18). In addition, the CBA entitled Petitioners to pursue arbitration if Respondent failed to make the required contributions, and the CBA and the Trust Agreements specified the categories of damages that Petitioners could recover in such circumstances. (*Id.* at ¶ 9).

Petitioners determined, based on shop steward records and pay stub data, that Respondent had failed to make the required contributions to the Funds for the work period January 1, 2017, through May 31, 2017. (Pet'r 56.1 ¶ 14). Petitioners filed a Demand for Arbitration, and served Respondent with the Notice of Hearing. (*Id.*). On the basis of the CBA and the substantial evidence presented to the Arbitrator, which evidence included pay stubs, shop steward reports, and an accompanying Deficiency Report from the Funds, the Arbitrator found that Respondent "owes delinquent fringe benefits and

7

associated items as detailed in the most recent Deficiency Report." (Award 2). The Arbitrator rendered a written decision directing Respondent to pay a total amount of $39,111.95. (*See id.*).

Put simply, the Arbitrator properly construed and applied the CBA when it issued the Award. The LMRA, in turn, requires the Court to confirm the Award.

## CONCLUSION

For the reasons set forth above, Petitioners' motion for summary judgment to confirm the Award is GRANTED. The Clerk of Court shall enter judgment for Petitioners and against Respondent in the amount of $39,111.95. Post-judgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961. To the extent that such recovery is authorized under the relevant agreements, Petitioners' counsel is directed to submit any requests for attorney's fees and costs incurred in bringing the instant action on or before **May 3, 2019.**

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:  April 10, 2019
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge